LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCOS ROMERO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

    v.

NEW BLUE FLOWERS GOURMET CORP.
              d/b/a CAFE ALICE,
74 FIFTH AVE MARKET CORP.
              d/b/a U WAY CAFE,
VALENT & COOK AT 57 STREET CORP.
              d/b/a C'EST BON CAFE,
BYUNG NAK LIM and BYUNG SIK LIM,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

    Plaintiff, MARCOS ROMERO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, NEW BLUE FLOWERS GOURMET CORP. d/b/a CAFE ALICE, 74 FIFTH AVE MARKET CORP. d/b/a U WAY CAFE, VALENT & COOK AT 57 STREET CORP. d/b/a C'EST BON CAFE (collectively, "Corporate Defendants"),

1

BYUNG NAK LIM and BYUNG SIK LIM (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he, and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he, and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, MARCOS ROMERO, is a resident of Kings County, New York.

6. Corporate Defendants:

   (a) NEW BLUE FLOWERS GOURMET CORP. d/b/a CAFE ALICE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 5 East 47th Street,

New York, New York 10017. Defendants operate "Cafe Alice" restaurant through NEW BLUE FLOWERS GOURMET CORP.

(b) 74 FIFTH AVE MARKET CORP. d/b/a U WAY CAFE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 74 Fifth Avenue, New York, New York 10011. Defendants operate "U Way Cafe" restaurant through 74 FIFTH AVE MARKET CORP.

(c) VALENT & COOK AT 57 STREET CORP. d/b/a C'EST BON CAFE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 120 East 57th Street, New York, New York 10022. Defendants operate "C'est Bon Cafe" restaurant through VALENT & COOK AT 57 STREET CORP.

7. Individual Defendants:

(a) BYUNG NAK LIM is an owner and senior executive officer of Corporate Defendants. BYUNG NAK LIM exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. BYUNG NAK LIM had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to BYUNG NAK LIM directly regarding any of the terms of their employment, and BYUNG NAK LIM would have the authority to effect any changes to the quality and terms of employees' employment. BYUNG NAK LIM regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. BYUNG NAK LIM

3

ensured that employees properly prepare food and effectively serve customers so that the business is operating efficiently and profitably. BYUNG NAK LIM exercised functional control over the business and financial operations of Corporate Defendants.

    (b)    BYUNG SIK LIM is an owner and senior executive officer of Corporate Defendants. BYUNG SIK LIM exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. BYUNG SIK LIM had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to BYUNG SIK LIM directly regarding any of the terms of their employment, and BYUNG SIK LIM would have the authority to effect any changes to the quality and terms of employees' employment. BYUNG SIK LIM regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. BYUNG SIK LIM ensured that employees properly prepare food and effectively serve customers so that the business is operating efficiently and profitably. BYUNG SIK LIM exercised functional control over the business and financial operations of Corporate Defendants.

    8.    Defendants own and operate a restaurant enterprise comprised of three locations with names and addresses as follows:

    (a)    Cafe Alice – 5 East 47th Street, New York, New York 10017;

    (b)    U Way Cafe – 74 Fifth Avenue, New York, New York 10011; and

    (c)    C'est Bon Cafe – 120 East 57th Street, New York, New York 10022.

(collectively, "Restaurants"). Defendants' Restaurants operate as a single integrated enterprise. Specifically, Defendants' Restaurants are engaged in related activities, share

common ownership and have a common business purpose. Employees and supplies are interchangeable among the Restaurants as needed. Defendants implement the same employment policies and practices across all three Restaurants.

9.  At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, cleaning persons and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. With regards to all FLSA Collective Plaintiffs who were tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA,

because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, cleaning persons and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay employees minimum wage for all hours worked, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. With regards to all Class members who were tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under the NYLL, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can

harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

(f) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

(g) Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

(h)     Whether Defendants required members of the Tipped Subclass to perform non-tipped work for more than 20% of their work day;

(i)     Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law;

(j)     Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(k)     Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(l)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(m)     Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

22.     From some time in 2005 until on or about January 26, 2016, Plaintiff MARCOS ROMERO was employed by Defendants to work as a delivery person at Defendants' "Cafe Alice" restaurant located at 5 East 47th Street, New York, New York 10017.

23.     Plaintiff's regular work schedules and compensation rates were as follows:

(a) From the beginning of his employment until December 31, 2013, Plaintiff worked Mondays through Fridays, from 6:00 a.m. until 5:00 p.m., for a total of 55 hours per week. During this time, he was paid a fixed-salary of $250 per week.

(b) From in or about January 1, 2014 until December 31, 2014, Plaintiff worked Mondays through Fridays, from 6:00 a.m. until 5:00 p.m., for a total of 55 hours per week. During this time, he was paid a fixed-salary of $275 per week.

(c) From in or about January 1, 2015 until January 26, 2016, Plaintiff worked Mondays through Fridays, from 6:00 a.m. until 4:00 p.m., for a total of 50 hours per week. During this time, he was paid a fixed-salary of $375 per week.

24. Throughout his employment with Defendants, Plaintiff LUCAS CERVANTES was paid on a fixed-salary basis. However, there was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

25. Throughout Plaintiff's employment with Defendants, Defendants paid Plainitff MARCOS ROMERO in cash and failed to provide Plaintiff with any wage statements.

26. Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

27. Plaintiff and Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities such as sweeping and mopping the floors before and after every shift, taking out the trash, helping cashiers pack orders, unloading incoming merchandize deliveries, restocking merchandize and other non-tip related activities. Such activities were unrelated to their primary duties as a delivery person.

11

28. At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members at rates below the standard minimum wage. Defendants were not entitled to take any tip credits because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) failed to provide wage statements stating the amount of tip credit being claimed in each pay period, (iii) caused Tipped Subclass members to spend more than 20% of their working time on non-tipped activities.

29. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

30. At all relevant times, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

31. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour notices or wage statements as required by NYLL.

32. Defendants willfully violated Plaintiff's and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

33. Defendants knowingly and willfully operated their business with a policy of not paying the statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members.

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State

overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

35.     Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

38.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.     Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

44. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the proper overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of

unpaid minum wages, unpaid overtime compensation, plus an equal amount as liquidated damages.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper minimum wage for all hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

54. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one

and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

56. Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

57. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

58. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages due under the FLSA and NYLL;

d.  An award of unpaid overtime compensation due under the FLSA and NYLL;

e.  An award of unpaid spread of hours due under the NYLL;

f.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium pursuant to the NYLL;

i.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   November 10, 2016            Respectfully submitted,

                              By:   */s/ C.K. Lee*
                                    C.K. Lee, Esq.

                                    LEE LITIGATION GROUP, PLLC
                                    C.K. Lee (CL 4086)
                                    Anne Seelig (AS 3976)
                                    30 East 39th Street, Second Floor
                                    New York, NY 10016
                                    Tel.: (212) 465-1188
                                    Fax: (212) 465-1181

                                    *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*